# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 08-65060-TJT |
| MICRO-HEAT, INC., | Chapter 7 |
| Debtor. | Hon. Thomas J. Tucker |
| _____/ | |
| M-HEAT INVESTORS, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 12-04868 |
| GARY JOST and KATHLEEN JOST, | |
| Defendants. | |
| _____/ | |

## RESPONSE OF M-HEAT INVESTORS, LLC TO DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING

M-Heat Investors, LLC ("M-Heat"), plaintiff in the above-captioned adversary proceeding, by and through its undersigned attorneys, hereby files this response (the "Response") to the Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") filed by Gary Jost and Kathleen Jost (collectively, the "Defendants"). In support of the Response, M-Heat states as follows:

### SUMMARY OF RESPONSE

In February 2009, this Court entered the Sale Orders, which approved a sale of substantially all of the Debtor's assets to M-Heat free and clear of all liens, claims and encumbrances. More than two years later, the Defendants commenced the State Court Action against, among others, M-Heat and General Motors, LLC (*i.e.*, "New" General Motors). This adversary proceeding was filed in order to forestall the State Court Action, which asserts various

products liability claims against M-Heat under Texas state law and is tantamount to a collateral attack on the Sale Orders entered by this Court.

In their Motion to Dismiss, the Defendants argue (i) that this Court lacks subject matter jurisdiction over this adversary proceeding, and (ii) that this adversary proceeding is not a "core" proceeding. The Defendants further argue that this Court must abstain from this adversary proceeding. However, for the reasons set forth herein, this Court has subject matter jurisdiction, and the adversary proceeding is a "core" proceeding because it "arises under" title 11, "arises in" a case under title 11, "relates to" a case under title 11 and directly involves rights derived from section 363(f) of the Bankruptcy Code and the Sale Orders. Moreover, because this adversary proceeding constitutes a core matter, mandatory abstention under 28 U.S.C. § 1334(b) is inapplicable.

## BACKGROUND

**A.**  **The Sale of Assets to M-Heat**

Prior to the Petition Date, Micro-Heat, Inc. (the "Debtor") was engaged in the business of manufacturing and supplying windshield washer fluid heating systems to original equipment manufacturers in the automotive industry. (Compl. at ¶ 10.)

On October 13, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. (Compl. at ¶ 9.) Shortly after the conversion of the Debtor's case to one under chapter 7, Basil Simon, in his capacity as Chapter 7 trustee for the Debtor's estate (the "Trustee"), filed a motion seeking (i) authority to sell substantially all of the Debtor's assets free and clear, and (ii) approval of bidding procedures [Dkt. No. 124] (the "Sale Motion"). (Compl. at ¶¶ 11-12.) A proposed asset purchase agreement

between the Trustee and M-Heat dated January 9, 2009 (the "APA") was attached as an exhibit to the Sale Motion. (*See* Compl. at ¶ 13.)

On February 5, 2009, this Court entered an order granting the Sale Motion [Dkt. No. 150] (the "Initial Sale Order"). (*Id.*) Pursuant to the Initial Sale Order, the Court approved bidding procedures and authorized the Trustee to sell substantially all of the Debtor's assets to M-Heat or another bidder, subject to the highest and best bid at an auction. (*Id.*)

The Initial Sale Order provides that M-Heat shall not be deemed to "be the successor of the Debtor." (Compl. at ¶ 14; Initial Sale Order at ¶ 9.) The Initial Sale Order further provides that M-Heat:

> shall not assume any liability or obligation of the Debtor of any kind, character or description, whether known, unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, secured or unsecured, joint or several, due or to become due, vested or unvested, executory, determined, determinable or otherwise . . . .

(Compl. at ¶ 15; Initial Sale Order at ¶ 10.) Finally, the APA provides that "Acquired Assets shall be transferred free and clear of all liens, claims, encumbrances, and other interests . . . to the fullest extent permitted by 11 U.S.C. § 363." (Compl. at ¶ 16; APA at § 1.5.)

At the conclusion of an auction conducted on February 6, 2009, the Trustee determined that M-Heat was the winning bidder. (Compl. at ¶ 18.) Thereafter, this Court entered a supplemental order approving the sale of the Debtor's assets to M-Heat free and clear of all liens, claims and encumbrances pursuant to section 363(b) and (f) of the Bankruptcy Code and the terms of the APA [Dkt. No. 162] (the "Supplemental Sale Order," and together with the Initial Sale Order, the "Sale Orders"). (Compl. at ¶¶ 19-20.)

**B.     The Defendants Commence the State Court Action**

On July 11, 2011, the Defendants filed a civil action entitled *Gary Jost, et al. v. General Motors, LLC f/k/a General Motors Company and NGMCO, Inc., et al.*, Cause No. CC-11-04826-C (the "State Court Action"), against General Motors, LLC, M-Heat, the Debtor and other parties in Texas state court. (Compl. at ¶ 21.)

In the State Court Action, the Defendants assert causes of action against M-Heat for negligence, strict liability, breach of warranty and violation of the Texas Deceptive Trade Practices Act, notwithstanding the Sale Orders entered by this Court. (Compl. at ¶ 25.) Specifically, the Defendants allege that they purchased a 2007 GMC Tahoe Denali (the "Vehicle") and that on September 26, 2009, the Vehicle's heated windshield washer fluid system caused a fire in the Vehicle, resulting in the loss and/or damage of their personal property. (Compl. at ¶¶ 22, 24.)

Upon information and belief, the Vehicle was manufactured and sold to the Defendants prior to both the entry of the Sale Order on February 5, 2009 and the Petition Date. (Compl. at ¶ 23.)

**D.     Defendants Fail to Take Any Action With Respect to Their Claims Against the Debtor**

On July 26, 2011, counsel for M-Heat sent a letter to counsel for the Defendants advising them of the Debtor's bankruptcy case, the operation of automatic stay against the Debtor, and the entry of the Sale Order pursuant to which M-Heat purchased substantially all of the Debtor's assets free and clear of any and all claims, liens or other encumbrances, including any warranty claims or other causes of action. (Compl. at ¶ 26.) The letter demanded that the Defendants dismiss M-Heat from the State Court Action. (Compl. at ¶ 27.) However, the Defendants never responded to M-Heat's request. (*Id.*)

On October 11, 2011, M-Heat filed a Notice of Bankruptcy in the State Court Action advising the Texas Court and all parties in the State Court Action, *inter alia*, of: (i) the Debtor's bankruptcy case in this Court; and (ii) the entry of the Sale Order pursuant to which the assets of the Debtor were sold to M-Heat "free and clear of all liens, claims, encumbrances and other interests." (Compl. at ¶ 28.) Again, no response from the Defendants was forthcoming.

On November 8, 2011, the Defendants filed a motion to dismiss the Debtor from the State Court Action, which was subsequently granted by the Texas Court.[1] (Compl. at ¶ 29.) The Defendants' motion, however, did not request a dismissal of M-Heat from the State Court Action and the Defendants have at all times refused to dismiss M-Heat from the State Court Action. (Compl. at ¶ 30.)

On May 9, 2012, M-Heat commenced this adversary proceeding seeking a declaratory judgment with respect to its liability as a result of the Sale Orders and an injunction against the Defendants.

To date, the Defendants have failed to take any action in the Debtor's bankruptcy case to pursue any claim against the Debtor, including filing a proof of claim, moving to file a late proof of claim, or moving to lift the automatic stay to pursue claims against the Debtor, despite being provided notice of the Debtor's bankruptcy. (Compl. at ¶ 31.) The Defendants have further failed to take any action to set aside or otherwise seek relief from the Sale Orders. (Compl. at ¶ 31.)

---

[1] The Defendants dismissed the Debtor from the State Court Action, but only after the Trustee advised them that their conduct was a violation of the automatic stay, sanctionable and that the Trustee was prepared to seek relief from this Court absent voluntary dismissal.

# ARGUMENT

## A.    Legal Standard Under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether a court has subject matter jurisdiction. Accordingly, such motion "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for the jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this case, because the Motion to Dismiss attacks the jurisdiction of this Court on its face, all of the allegations set forth in the Complaint must be taken as true. *Id*.

## B.    This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1334(b)

In the Motion to Dismiss, the Defendants generically assert that this Court lacks subject matter jurisdiction over this adversary proceeding. However, as discussed below, 28 U.S.C. §§ 1331 and 1334 and other authority support a finding of subject matter jurisdiction with respect to this adversary proceeding.

Section 1334(b) of title 28 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[2] Section 1334 identifies four matters over which the district court has jurisdiction: (i) cases under title 11, (ii) proceedings arising under title 11, (iii) proceedings arising in a case under title 11, and (iv) proceedings related to a case under title 11. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991).

---

[2]    A district court may refer to the bankruptcy court cases over which the district court has jurisdiction. 28 U.S.C. § 157.

In deciding whether they can exercise subject matter jurisdiction, courts determine whether, at a minimum, they have "related to" jurisdiction before considering whether such matter is a core matter. *Wolverine Radio*, 930 F.2d at 1141; *In re Marcus Hook Development Park*, 943 F.2d 261, 264 (3d Cir. 1991). A proceeding is related to bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984).

The Sixth Circuit adopted the *Pacor* standard for "related to" jurisdiction in *Wolverine Radio*. In *Wolverine Radio,* a purchaser acquired the debtor's assets in a "free and clear" sale. In the year following the sale, the Michigan Employment and Security Commission sought to determine the purchaser's unemployment tax liability based upon the debtor's past rate of contribution. The debtor then sought relief from the bankruptcy court, which entered an order enforcing a sale of the debtor's assets in the context of a plan which prohibited the MESC from assigning the debtor's experience rating to the purchaser. *Id*. at 1137.

After the district court ruled that MESC had the authority to assign the debtor's experience rating to the purchaser, the Sixth Circuit reversed the district court and rejected the MESC's argument that the bankruptcy court had no subject matter jurisdiction to determine the tax liability of the purchaser. The Sixth Circuit determined a sufficient basis existed for "related to" jurisdiction by following the "uniformly adopted" expansive definition of "related to" proceedings under 28 U.S.C. § 1334(b) as interpreted in *Pacor*. Importantly, the Sixth Circuit noted that "where the parties are more intertwined than the parties in *Pacor* . . . the statute does not require a finding of definite liability of the estate as a condition precedent to holding an action related to a bankruptcy proceeding." *Id*. at 1143 (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 635 (6th Cir. 1986)).

Courts in other jurisdictions have reached conclusions similar to those in *Wolverine Radio*. For example, the Third Circuit has held that "related to" jurisdiction existed over a purchaser's objection to the debtor's motion for a final decree in the bankruptcy case. *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261 (3d Cir. 1991). In *Marcus Hook*, the purchaser requested that the court address an inconsistency between (i) the terms of a sale order transferring the debtor's property free and clear of all liens and encumbrances, and (ii) an order approving the disclosure statement, which contained a tax lien on certain of the purchased property. The court held that because the debtor's estate could not be fully administered until the conflicting orders were reconciled, the proceeding clearly had a "conceivable" effect on the estate. *Id.* at 265. Importantly, the Third Circuit found it had subject matter jurisdiction over a dispute between two non-debtor parties. Moreover, the Third Circuit did not require a strict showing of a conceivable pecuniary effect on the estate. Rather, an administrative effect on the estate was sufficient to satisfy the test for "related to" jurisdiction.

This Court has subject matter jurisdiction in the instant adversary proceeding because it arises under, arises in and relates to a case under title 11.[3] In fact, the Defendants seemingly concede that this adversary proceeding is "related to" the Debtor's bankruptcy case. (*See* Motion to Dismiss at ¶ 7.) First, the issues present in this adversary proceeding could conceivably affect the Debtor's estate because, *inter alia*, the Defendants should assert a claim against the Debtor's estate as opposed to attempting to circumvent the Sale Orders entered by this Court. *See* 11 U.S.C. § 726(a)(2)(C). Second, the Trustee agreed in the APA to transfer the assets of the Debtor's estate to M-Heat "free and clear" under section 363(f). Therefore, any judgment against M-Heat in the State Court Action could subject the Debtor's estate to liability including,

---

[3] The Court's "arising under" and "arising in" jurisdiction is discussed in Section C of this Response.

*inter alia*, a claim for breach of contract. Finally, M-Heat is intertwined with the Debtor and its estate by virtue of this Court's entry of the Sale Orders, which were themselves a central part of the Debtor's bankruptcy case.

Despite conceding that the Court has "related to" jurisdiction over this case, the Defendants cite to *Swain v. United States Dep't of Treasury (In re Swain)*, 437 B.R. 549, 554 (Bankr. E.D. Mich. 2010) for the proposition that courts cannot exercise "related to" jurisdiction where there is an extremely tenuous connection to the estate. *Swain*, however, involved circumstances far different from those in this case. In *Swain*, the court held that a declaratory judgment action brought by discharged chapter 7 debtors against the Internal Revenue Service had no impact upon the handling and administration of the debtor's estate given that the debtors' case was a "no asset" case and, therefore, any determination as to the debtors' liability to the IRS could not possibly impact the estate. In this case, however, for the reasons discussed above, a judgment against M-Heat in the State Court Action could impact the Debtor's estate since, *inter alia*, the Trustee continues to make distributions to creditors.

The Defendants also cite to *Allard v. Coenen (In re Trans-Industries, Inc.)*, 419 B.R. 21 (Bankr. E.D. Mich. 2009), which itself relies upon the tests set forth in *Wolverine Radio* and *Pacor*. As this Court is well aware, in *Trans-Industries*, this Court found "related to" jurisdiction in a chapter 7 trustee's action against the trustees of the debtor's employee pension plans for breach of fiduciary duty. This Court determined that the use of estate funds by a chapter 7 trustee to administer the ERISA plan and prosecute an adversary proceeding against pension plan trustees would impact the estate because if the chapter 7 trustee were successful, he would be entitled to be reimbursed by the pension plan.

Similarly, it is more than conceivable that the Trustee and the Debtor's estate will incur expenses to address any claims filed by the Defendants in this case or, as discussed above, any potential breach of contract action asserted by M-Heat against the Debtor's estate. Based on the foregoing, this Court has subject matter jurisdiction with respect to this adversary proceeding.

**C.      This Adversary Matter Is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)**

Despite the fact that the Defendants concede this action is "related to" the Debtor's bankruptcy case, they nonetheless argue it is not a core proceeding since *their claims* in the State Court Action exist entirely outside of the bankruptcy case. (*See* Motion to Dismiss at p. 3.) However, under a plain reading of 28 U.S.C. § 157(b)(2) and applicable case law, this adversary proceeding is a core proceeding.

This Court's jurisdiction is further determined by whether this adversary proceeding is a "core" or "non-core" matter. Under 28 U.S.C. § 157(b)(1), a bankruptcy court may hear and determine all core proceedings under title 11, or arising in a case under title 11. Pursuant to 28 U.S.C. § 157(c)(1), bankruptcy courts have the authority to hear a "proceeding that is not a core proceeding but that is otherwise related to a case under title 11." *Wolverine Radio,* 930 F.2d at 1144; *see In re Kids World of America, Inc.*, 349 B.R. 152, 160 (Bankr. W.D. Ky. 2006).

A proceeding "arises under" title 11 if it involves a cause of action "created or determined by a statutory provision" of the Bankruptcy Code. *Wolverine Radio,* 930 F.2d at 1144-1145. A proceeding "arises in" a bankruptcy case if it could arise only in the context of a bankruptcy case. *Id*. Therefore, when determining if a matter is a core proceeding, a court should not only look to the form but also the substance of a particular matter.

This adversary proceeding is "core" for two reasons. First, the dispute at issue in this adversary proceeding is based on rights established by the Bankruptcy Code and this Court

through its own Sale Orders. The Motion to Dismiss, however, ignores the effect of the Sale Orders on the causes of action alleged in the State Court Action. Second, and perhaps more importantly, this Court retains jurisdiction to interpret and enforce its own orders. In the event that this adversary proceeding is deemed "non-core," the integrity of this Court to enter and enforce its own orders would be compromised.

      **1.**      **The Adversary Proceeding is Premised on 11 U.S.C. § 363(f) and the Sale Orders**

It is well settled that bankruptcy courts have core jurisdiction to approve and enforce a sale of a debtor's assets. Section 157(b)(2)(N) of title 28 expressly states that core proceedings include "orders approving the sale of property . . . ." *See*, *e.g.*, *In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 95 (2d Cir. 2006) (stating that orders approving sale of property are core proceedings); *In re Petrie Retail, Inc.*, 304 F.3d 223 (2d Cir. 2002) (finding that bankruptcy court's sales orders barring lessor from asserting claims against purchaser of debtor's assets was core). Thus, it cannot be disputed that the Sale Orders are core matters pursuant to 28 U.S.C. § 157(b)(2)(N).

Resolution of this adversary proceeding (and, for that matter, the State Court Action) will necessarily involve interpretation of the Sale Orders in conjunction with section 363(b) and (f) of the Bankruptcy Code. *See, e.g., In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004) ("[W]e hold that the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders."); *In re Brownsville Property Corp., Inc.*, 469 B.R. 216 (Bankr. W.D. Penn. 2012) (finding that breach of contract and unjust enrichment claims were interwoven and inseparable from sales orders and were, therefore, core matters).

Courts considering whether to grant injunctive relief in order to enforce sale orders have similarly held that such actions constitute core matters. As one court has noted, "[C]ourts have characterized the injunctive authority of bankruptcy courts as core when the rights sought to be enforced by injunction are based on provisions of the Bankruptcy Code, such as the "free and clear" authority of section 363(f)." *Campbell v. Motors Liquidation Company (In re Motors Liquidation Company)*, 428 B.R. 43, 57 (S.D.N.Y. 2010); *Millenium Seacarriers, Inc.*, 458 F.2d at 95 (holding that adversary commenced by purchaser which turned on the terms of a sale order was a core proceeding).

The Sixth Circuit has previously acknowledged that although such a proceeding could technically exist outside of bankruptcy under state law, and that a dispute might involve two non-debtors, those facts do not remove the case from the scope of a core proceeding. *Wolverine Radio*, 930 F.2d at 1145 (finding action to be core despite that "it is an action that could exist outside of bankruptcy" where the issue is liability under state law); *see also Kids World of America, Inc.*, 349 B.R. at 161 (finding turnover action to be core, and stating that the possibility that an action could possibly be brought in a state court forum is not decisive as to whether an action is core or noncore). In *Wolverine Radio*, the Sixth Circuit succinctly stated, "[W]e find that because this action involves issues which arose because of a bankruptcy proceeding . . . and because Wolverine asserts a right based on bankruptcy law, 11 U.S.C. § 363(f), this action is a core proceeding." *Wolverine Radio*, 930 F.2d at 1145.

Like the purchaser in *Wolverine Radio* which sought injunctive relief to preempt a state law action, M-Heat is asserting rights based solely on the Bankruptcy Code, namely section 363(f). Therefore, this adversary proceeding constitutes a core matter under 28 U.S.C. § 157(b)(2).

## 2. This Court Retains Jurisdiction to Interpret and Enforce Its Own Orders

It is a well settled principle that federal courts retain jurisdiction to enforce their own orders. *In re John Richards Homes Bldg. Co., L.L.C*., 2008 WL 5773653, *10 (Bankr. E.D. Mich. 2008) ("it is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders"), *rev'd on other grounds*, 404 B.R. 220 (E.D. Mich. 2009); *In re Carouthers*, 449 B.R. 752 (Bankr. W.D. Mich. 2011) ("the court has jurisdiction to enforce its own orders"); *In re Cano*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009) ("[B]ankruptcy courts retain significant jurisdiction after a discharge order is issued and a case is closed over matters concerning the interpretation and enforcement of bankruptcy court orders and important substantive rights granted by the Bankruptcy Code. Such matters fall within the Court's 'arising in' and 'arising under' jurisdiction"). A court's jurisdiction includes the power to declare and determine the scope and effect of an order entered in prior bankruptcy proceedings. *Matter of Specialty Equipment Companies, Inc*., 3 F.3d 1043, 1045 (5th Cir. 1993); *Public Service Co. of New Hampshire v. Richards (In re Public Service Co. of New Hampshire)*, 148 B.R. 702, 705 (Bankr. D. N.H. 1992).

In this adversary proceeding, M-Heat has requested that this Court enforce its own Sale Orders, which were themselves core matters. Moreover, it is without question that the subject matter of the relief sought in this adversary proceeding - declaratory relief regarding a party's ability to bring successor liability claims against M-Heat - is encompassed in the Sale Orders. Because this Court retains jurisdiction to interpret and enforce the Sale Orders, the Motion to Dismiss should be denied.

**D. Defendants Cannot Satisfy the Standard For Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)**

The Defendants also argue in their Motion that even if the Court determines that it has subject matter jurisdiction to adjudicate this adversary proceeding, it <u>must</u> abstain pursuant to 28 U.S.C. § 1334(c)(2). However, the Defendants ignore the fact that this adversary proceeding is a core matter.

For mandatory abstention to apply, a proceeding must (i) be based on a state law claim or cause of action; (ii) lack a federal jurisdictional basis absent the bankruptcy; (iii) be commenced in a state forum of appropriate jurisdiction; (iv) be capable of timely adjudication; and (v) be a non-core proceeding. *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut (In re Dow Corning Corporation)*, 86 F.3d 482 (6th Cir. 1996). The lack of any single one of those factors precludes mandatory abstention.

First, this adversary proceeding is not based on a state law claim or cause of action. Instead, M-Heat seeks a declaratory judgment and injunctive relief based solely on the Sale Orders and section 363(f) of the Bankruptcy Code. The claims and rights asserted by M-Heat in this adversary proceeding arose in the context of the Debtor's bankruptcy case and, in fact, could only have arisen in the Debtor's bankruptcy case because only this Court could have approved the sale of the Debtor's assets. Moreover, the facts of this adversary proceeding provide an even less compelling case for mandatory abstention than previous cases in which courts have denied mandatory abstention. *See*, *e.g.*, *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006) (rejecting mandatory abstention in case brought by debtor's wife against bankruptcy trustee for various state-law torts since such claims would not exist but for the bankruptcy proceeding); *Brownsville Property Corp., Inc.*, 469 B.R. at 226 (finding that claims for breach of contract and unjust enrichment initially brought in state court against debtor's secured creditor were in substance

claims involving the interpretation and effectuation of the court's prior orders involving sale of the debtor's real property).

Second, mandatory abstention is improper because this adversary proceeding is a core proceeding.[4]  *See*, *e.g.*, *Brownsville Property Corp., Inc.*, 469 B.R. at 226.  To reiterate, the State Court Action is subject to, and in violation of, the Sale Orders.  Because the Sale Orders and the authority upon which they are based would not exist but for the Debtor's underlying bankruptcy case, this adversary proceeding is a core proceeding rendering mandatory abstention under 28 U.S.C. § 1334(c)(2) inapplicable.

---

[4]  *See infra* at pp. 8-10.

WHEREFORE, M-Heat respectfully requests that the Court enter an order: (i) denying the relief requested in the Motion to Dismiss; and (ii) granting grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: July 26, 2012

                                            Respectfully submitted,

                                            **M-HEAT INVESTORS, LLC**

                                            By:   /s/ John T. Gregg
                                                          One of its Attorneys

John T. Gregg (P68464)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
E-Mail: jgregg@btlaw.com

- and -

Timothy S. McFadden
BARNES & THORNBURG LLP
1 N. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646
E-Mail: tmcfadden@btlaw.com

Attorneys for M-Heat Investors, LLC